IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM C. PUMPHREY,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN WOOD et al.,<br><br>        Defendants. | **ORDER TO AMEND DEFICIENT COMPLAINT, & MEMORANDUM DECISION**<br><br>Case No. 1:12-CV-115 TS<br><br>District Judge Ted Stewart |

      Plaintiff, William C. Pumphrey, a prisoner at Davis County Jail, filed this *pro se* civil rights suit.[1] Reviewing the complaint under § 1915A, the Court has determined that Plaintiff's complaint is deficient as described below.

### Deficiencies in Complaint

Complaint:

(a)   does not identify an affirmative link between Sheriff Todd Richardson and Chief Deputy Marshal Brandon Holt and the violation of Plaintiff's civil rights.

(b)   is not on a proper court-approved form civil-rights complaint.

(c)   sets forth some claims that appear to improperly allege civil-rights violations on behalf of other prisoners.

(d)   has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given

---

[1] *See* 42 U.S.C.S. § 1983 (2012).

>"'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## Instructions to Plaintiff

Under Rule 8 of the Federal Rules of Civil Procedure a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[2]  Rule 8(a)'s requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[3]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[4]  Moreover, "it is not the proper function of the Court to assume the role of advocate for a

---

[2] Fed. R. Civ. P. 8(a).

[3] *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

pro se litigant."[5]  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[6]

Plaintiff should consider these points when refiling his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or supplement.[7]  Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.[8]  "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[9]  Third, Plaintiff cannot name someone as a defendant based solely on his or her supervisory position.[10] And, fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless

---

[5]*Id.* at 1110.

[6]*Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[7]*See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

[8]*See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).

[9]*Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[10]*See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).

will be restricted from filing future lawsuits without prepaying fees.

**ORDER**

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have thirty days from the date of this order to cure the deficiencies noted above.

(2) the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

DATED this 13th day of June, 2012.

BY THE COURT:

_____
CHIEF JUDGE TED STEWART
United States District Court